IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Braheim J. Hill, ) | Civil Action No.:2:14-3775-BHH-MGB |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden Cartledge, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief for state convictions pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Respondent's Motion for Summary Judgment. (Dkt. No. 25; see also Dkt. No. 24.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on September 22, 2014. (See Dkt. No. 1 at 16 of 17.) On January 26, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 25; see also Dkt. No. 24.) By order filed January 27, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 26.) Petitioner filed his Response in Opposition on or about February 11, 2015. (Dkt. No. 30.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at Broad River Correctional Institution of the South Carolina Department of Corrections. In June of 2006, the Aiken County Grand Jury indicted Petitioner for armed robbery and possession of a firearm or knife during the commission of or attempt to commit a violent crime. (R. at 245-54.) Petitioner was represented at trial by David M. Mauldin, Esquire. (See R. at 1.) Petitioner proceeded to a jury trial before the Honorable John C. Few on July 26, 2006. (R. at 1-147.) The jury convicted Petitioner as charged, and Judge Few sentenced Petitioner to thirty years on the armed robbery conviction and five years, concurrent, on the

conviction for possession of a firearm or knife during the commission of or attempt to commit a violent crime. (R. at 143-45.)

Petitioner appealed and was represented by Robert M. Pachak, Esquire, of the South Carolina Commission on Indigent Defense. (See Dkt. No. 24-3.) In an Anders[1] brief filed on September 18, 2007, Petitioner raised the following issue: "Whether the trial judge's jury charge on reasonable doubt violated due process?"( Dkt. No. 24-3 at 4 of 10.) Mr. Pachak also filed a petition to be relieved as counsel. (Id. at 8 of 10.) In an unpublished opinion filed on August 7, 2008, the South Carolina Court of Appeals dismissed the appeal and granted counsel's motion to be relieved. (See Dkt. 24-5.) The remittitur was issued on August 25, 2008. (Dkt. No. 24-6.)

Petitioner filed an application for post-conviction relief ("PCR") on January 26, 2009. (See R. at 148-53.) Petitioner asserted that counsel was ineffective and that the trial judge erred in failing to grant a directed verdict "where evidence fails to support elements of the crime of which [the Petitioner] was convicted." (See R. at 149.)

On January 29, 2010, an evidentiary hearing was held before the Honorable W. Jeffrey Young. (R. at 160-84.) Petitioner was present and represented by Patricia James, Esquire. (See R. at 160.) In an order dated March 24, 2010, Judge Young denied the application for post-conviction relief and dismissed the petition. (R. at 186-93.)

On March 24, 2011, Petitioner filed a second application for post-conviction relief. (See R. at 194-200.) Petitioner contended therein that "PCR counsel Patricia T. James was ineffective in failing to seek appellate review of the denial of PCR." (R. at 196.) On January 27, 2012, an evidentiary hearing was held before the Honorable Edgar W. Dickson. (R. at 207-25.) Petitioner was present and represented by John Andrew Donsbach, Esquire. (See R. at 207.) In an order dated May 22, 2012, Judge Dickson granted, pursuant to Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991), Petitioner's request for a belated appeal of the denial of his first application for PCR. (See R. at 230-33.) All other grounds for relief were denied and dismissed with prejudice. (See R. at 230-33.)

---

[1] Anders v. California, 386 U.S. 738 (1967).

Petitioner appealed, and on August 7, 2013, through attorney LaNelle Cantey DuRant of the South Carolina Commission on Indigent Defense, he filed a <u>Johnson</u> Petition for Writ of Certiorari. (Dkt. No. 24-7.)[2] Therein, Petitioner raised the following issue: "Did the PCR court err in failing to find trial counsel ineffective for not challenging the admission of fingerprint evidence?" (Dkt. No. 24-7 at 3 of 11.) Ms. DuRant also filed a petition to be relieved as counsel. (Dkt. No. 24-7 at 10 of 11.) Petitioner filed a *pro se* response to the <u>Johnson</u> petition wherein he asserted trial counsel was ineffective in failing to object to the admission of fingerprint evidence. (<u>See generally</u> Dkt. No. 24-11.)

In an order dated August 21, 2014, the South Carolina Supreme Court denied the petition for a writ of certiorari and granted counsel's request to withdraw. (Dkt. No. 24-12.) The matter was remitted to the lower court on September 8, 2014. (Dkt. No. 24-13.)

Petitioner then filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

> **Ground One**: 6th Amendment Constitution Violation.
> **Supporting Facts**: Ineffective assistance of counsel. Second issue does meet the standard of ineffective assistance of appellate counsel; The judge's failure to grant direct verdict, where evidence fails to support elements of the crime of which applicant was convicted.
>
> **Ground Two:** Sixth Amendment Constitution Violation.
> **Supporting Facts**: PCR counsel Patricia T. James was ineffective in failing to seek appellate review of the denial of first PCR.

(Dkt. No. 1.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when

---

[2] <u>See Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988).

they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

As noted above, this matter is before the Court upon Respondent's Motion for Summary Judgment. (Dkt. No. 25; see also Dkt. No. 24.) Respondent contends, *inter alia*, that the instant habeas petition is barred by the statute of limitations. (See generally Dkt. No. 24.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, a person "in custody pursuant to the judgment of a State court" and who seeks federal habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

4

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be considered timely if the petitioner can demonstrate that he is entitled to equitable tolling. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 650.

The undersigned recommends granting Respondent's Motion for Summary Judgment because the instant petition is barred by the statute of limitations. Petitioner was convicted on July 26, 2006, and his direct review concluded–at the latest–on August 25, 2008. (See Dkt. No. 24-6.) Petitioner filed his first application for PCR on January 26, 2009. (See R. at 148-53.) At the time he filed his first application for PCR, 154 days of non-tolled time had passed. Judge Young denied the first application for PCR in an order dated March 24, 2010, and PCR counsel received the written order on April 1, 2010. (See R. at 186-93, 215.) Pursuant to Rule 203(b)(1) of the South Carolina Rules of Civil Procedure, Petitioner's time to appeal the denial of his first application for PCR expired on May 2, 2010. The statute of limitations began running again on May 3, 2010, expired on November 30, 2010. Although Petitioner filed a second application for PCR on March 24, 2011, (see R. at 194-200), and was granted a belated appeal of the denial of his first PCR application, this belated appeal does not render the instant petition timely.

In Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001), the Fourth Circuit addressed "the operation of § 2244(d)(2) when a prisoner files an untimely petition for appellate review during state collateral review proceedings." Allen, 276 F.3d at 185. The court stated,

> When a prisoner files an untimely appellate petition during state collateral review proceedings, three periods are relevant to the availability of tolling for the time span between the denial of relief by the lower court and the conclusion of appellate proceedings: the interval between the lower court decision and the deadline for seeking review ("Appeal Period"); the interval between this deadline and the

5

>filing of an appellate petition ("Post Deadline Period"); and the interval during which the appellate petition is under review by the state court ("Review Period").

Id. Citing Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999), the court noted that "the statute of limitations is tolled pursuant to § 2244(d)(2) during the Appeal Period." Allen, 276 F.3d at 185 (citing Taylor, 186 F.3d at 561). The court further noted that "the plain language of § 2244(d)(2) requires tolling during the Review Period if the appellate petition was 'properly filed.'" Id.

The specific question addressed in Allen was whether the statute "should be tolled during the Post Deadline Period." Id. The Fourth Circuit concluded the Post Deadline Period is not tolled pursuant to § 2244(d)(2):

>Allowing tolling after the Appeal Period expires does not promote exhaustion of state remedies, because a prisoner ordinarily has no remedies available at that point. It is true that state courts frequently suspend or create exceptions to their procedural rules, and that review may therefore be available even after applicable deadlines have expired. The Fifth, Seventh, and Tenth Circuits have accounted for this possibility by allowing tolling during the Review Period, while the untimely petition is actually under consideration by the state court. See Melancon, 259 F.3d at 405; Gibson, 232 F.3d at 807; Fernandez, 227 F.3d at 979-80. We believe this is sufficient and that a contrary approach would undermine the statute of limitations by allowing state courts to extend indefinitely the time for seeking federal review. See Melancon, 259 F.3d at 407. Accordingly, we join the Fifth, Seventh, and Tenth Circuits in disallowing tolling during the Post Deadline Period.

Allen, 276 F.3d at 186 (citing Melancon v. Kaylo, 259 F.3d 401, 406-07 (5th Cir. 2001); Gibson v. Klinger, 232 F.3d 799, 807 (10th Cir. 2000); Fernandez v. Sternes, 227 F.3d 977, 979-81 (7th Cir. 2000)).

Pursuant to Allen, the time between May 3, 2010, and March 24, 2011 is not tolled. See generally Allen, 276 F.3d 183. Even if no additional time ran after March 24, 2011, the instant § 2254 petition is untimely by over one hundred days.

When a § 2254 petition is untimely, the petitioner may be entitled to equitable tolling. In the instant case, however, the undersigned recommends concluding that Petitioner is not entitled to equitable tolling. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo,

6

544 U.S. 408, 418 (2005)) (internal quotation marks omitted). Petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

Petitioner has not established that he is entitled to equitable tolling; he has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Although Petitioner filed a Response in Opposition to the Motion for Summary Judgment, he did not address the statute of limitations. (See Dkt. No. 30.) Because Petitioner's § 2254 petition is untimely, and Petitioner has not established that he is entitled to equitable tolling, the undersigned recommends granting Respondent's Motion for Summary Judgment (Dkt. No. 25). See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Bogan v. South Carolina, 204 F. App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible."); see also Parmaei v. Jackson, 378 F. App'x 331, 332 (4th Cir. 2010) ("[W]e conclude that equity should operate to allow [the petitioner] to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court."); Brunson v. Solomon, Civ. A. No. 5:14-HC-2009-FL, 2015 WL 331496, at *5 (E.D.N.C. Jan. 26, 2015) ("[I]neffective assistance of counsel generally does not warrant equitable tolling."); Wiechens v. Ryan, Civ. A. No. 13-0900-PHX-JAT, 2013 WL 6533138, at *5 (D. Ariz. Sept. 13, 2013) ("Petitioner's claim that trial counsel failed to advise Petitioner that he was responsible for filing a notice of post-conviction relief, even if accepted, would not establish an extraordinary circumstance for purposes of equitable tolling.").

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 25) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[3]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 16, 2015
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).